## THE S. S. SOUTHERN CROSS.
### No. 15421.

District Court, E. D. New York.
June 6, 1938.

Michael F. Walsh, U. S. Atty., of Brooklyn, N. Y. (William E. Collins, of New York City, of counsel), for libelant.

Hunt, Hill & Betts, of New York City, for trustees.

Bigham, Englar, Jones & Houston, of New York City, for Guaranty Trust Co.

Crowell & Rouse, of New York City, for Tietjen & Lang Dry Dock Co.

BYERS, District Judge.

This is a proceeding in Admiralty to foreclose what appears to be a preferred mortgage on the Steamship Southern Cross dated November 28, 1925, executed by Munson Steamship Line as mortgagor to "United States of America, represented by the United States Shipping Board" as mortgagee.

The libel was filed in the office of the Clerk on May 14, 1938.

In that pleading, it is recited that the mortgage was filed for record in the office of the Clerk of the Customs of the Port of New York on December 5, 1925, at 12:21 P. M., and was there recorded.

Apparently default arose on or about November 28, 1931, and it appears that on June 11, 1934, the mortgagor filed a petition for a reorganization under the provisions of Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, with the United States Court for the Southern District of New York, and Edward P. Farley and Morton L. Fearey were appointed trustees in said proceedings, and the order contained the customary injunction against bringing suit against the debtor and interfering with its property.

It is asserted that declaration of default under the said mortgage was announced and delivered to the said trustees on or about March 30, 1938.

By order of the reorganization court entered May 11, 1938, the said stay was apparently lifted so as to permit the institution of this proceeding.

Said mortgage contains a clause in respect of default, reading as follows:

"In addition to any and all other rights, privileges, and powers granted herein and conferred, the mortgagee shall be entitled as a matter of right, to the appointment of a receiver or receivers of the vessel, who shall have full rights to use the same."

The prayer for relief in the libel, in addition to the customary provisions, asks that the court forthwith appoint a receiver to operate this vessel during the pendency of the proceeding "under the direction of the United States of America as represented by the United States Maritime Commission, as mortgagee, and subject to the orders of this court; that the marshal of this court upon taking possession of said vessel, pursuant to process issued under this libel, be directed forthwith to deliver the same to such receiver for such operation * * *."

By order bearing date May 17, 1938, direction was given pursuant to sub-section K of section 30 of the Ship Mortgage Act of 1920, 46 U.S.C.A. § 951, concerning the service of the libel and citation.

Intervention has been consented to on the part of the libelant as to Guaranty Trust Company, as successor trustee under a certain indenture of mortgage, and claim has been made for the ship on the part of the said trustees.

The libelant has made application for the appointment of a receiver pending the conduct of this proceeding, at first informally and later as embodied in affidavits of May 25th and May 27th, 1938, signed by District Counsel for the United States Maritime Commission.

These were deemed insufficient to accomplish the purpose, and thereafter and on June 1st, a letter addressed to this court and signed by the Vice-Chairman of the Maritime Commission, was filed, and is deemed part of the application.

It seems necessary to refer to these matters, for the reason that the court has been reluctant to exercise discretionary power to appoint a receiver in foreclosure and to authorize him to operate the vessel as contemplated by the Act of June 5, 1920, above referred to, which is found in Title 46 U.S.C. § 952, 46 U.S.C.A. § 952, for the reason that it has been made to appear that this vessel was operated by the said trustees until such time as the withdrawal of the mail subsidy rendered that operation a subject of continuing loss which would have to be paid by the creditors in the reorganization proceeding.

If that were the only showing, the court would have denied the application, for obvious reasons.

The affidavit of May 27th, in explaining the decision of the Maritime Commission to urge the appointment of a receiver and authority to him to operate the vessel even in the face of a contemplated substantial loss, sets forth the wishes of the Department of State in that respect, and the national issues which would suffer if this vessel and others of the same line were to be taken out of service pending the conclusion of this litigation.

As has been said, that affidavit was supplemented by a direct undertaking over the signature of the Vice-Chairman of the Maritime Commission, in which it is stated that the Commission will pay "whatever losses arise from the operation of the Steamship Southern Cross by a receiver to be appointed by the court," and it is solely in response to the urgency of the representations so made, that a receiver is being appointed and he is being authorized to operate this vessel.

As has been heretofore indicated in memoranda filed in connection with this application, this court has not the power to do these things in virtue of the provisions in the preferred ships mortgage which have been quoted. At most, that language would effectually prevent a mortgagor from opposing the application for the appointment of a receiver.

Jurisdiction is conferred solely by the statute, and the discretion of the court would not be exercised, in view of all the circumstances, if the mortgagee were a private enterprise.

The foregoing has been written solely because this seems to be the first application of this kind which has been made, and the decision to appoint a receiver should be regarded as a precedent only within the precise circumstances here involved.